| | |
|---|---|
| GENOVA & MALIN | DATE: MARCH 18, 2014 |
| Attorneys for the Debtors | TIME: 9:20 A.M. |
| 1136 Route 9 | |
| Wappingers Falls NY 12590 | |
| (845) 298-1600 | |
| Thomas Genova (TG4706) | |
| Andrea B. Malin (AM4424) | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

JOSE O. MORALES and
CARMEN M. MORALES,

      CHAPTER 13
      CASE NO. 13-36516(CGM)

       Debtors.
---------------------------------------------------------X

**APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION
AND EXPENSES TO ATTORNEYS FOR DEBTORS UNDER
<u>11 U.S.C. SECTION 330 AND 11 U.S.C. §503(a)</u>**

**TO THE HONORABLE CECELIA G. MORRIS, CHIEF UNITED STATES
BANKRUPTCY JUDGE:**

   The application of ANDREA B. MALIN, of the firm of GENOVA & MALIN, respectfully represents:

### GENERAL BACKGROUND

   1. On June 28, 2013, JOSE O. MORALES and CARMEN M. MORALES (the "debtors"), filed a petition with this Court for relief pursuant to Chapter 13 of the Bankruptcy Code.

   2. Your applicant, on behalf of the debtors, has been responsible for guiding the debtors's estate through Chapter 13 of the Bankruptcy Code.

   3. At the time of the filing, the debtors owned, their residence, (the "Residence").

   4. Prior to the filing of the instant case, the debtors Residence was

encumbered by a first mortgage.

5. At the time of the filing, the Residence was encumbered by a second mortgage and judgment liens.

6. The debtors sought to file the petition in an effort to reorganize their financial situation.

## APPLICATION FOR FEES

7. This application is made by GENOVA & MALIN, for an allowance of additional compensation for professional services rendered to and on behalf of the debtors in seeking to loss mitigate the debtors' first mortgage from June 26, 2013 through February 20, 2014.

8. Your applicant has acted as legal counsel to the debtors and has performed all of the necessary professional legal services in connection therewith. GENOVA & MALIN regularly maintains records of time expended in the rendition of such services and the costs and expenses incurred. The entries in such records were made in the ordinary course of GENOVA & MALIN'S business, concurrently with the rendition of such services and the incurring of such costs and expenses. A copy of the Rule 2016(b) Statement filed in this case is attached hereto as Exhibit "A". A copy of the Retainer Agreement is annexed hereto and made a part hereof as Exhibit "B". A summary of the time records and disbursements sheet is annexed hereto and made a part hereof as Exhibit "C". Some of the areas in which your applicant has rendered professional legal services to and on behalf of the debtors are set forth in the following summary.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

### Investigation into the Financial Condition of the Debtors

9. From the outset of this proceeding, your applicant has been intimately involved in an effort to protect the interest of the debtors and his estate and bring about a reasonable recovery for creditors. In the initial phases of this case, your applicant commenced an investigation into the financial condition of the debtors and was called upon to advise the

debtors as to the requirements of the Bankruptcy Code and the administration of a Chapter 13 case.

## LOSS MITIGATION

10. On June 28, 2013, the debtors filed a Request for Loss Mitigation on their first mortgage.

11. On August 8, 2013, this Court entered a Loss Mitigation Order. The Order required the parties to exchange financial documentation and conduct several conferences in an effort to obtain a loan modification.

12. In pursuing the Loss Mitigation, this firm was required to have several conferences with the debtors and review financial documents.

13. On December 4, 2013, a Motion to Approve Loan Modification Agreement was filed and served.

14. On December 26, 2013, an Objection to Motion to Approve was filed by the mortgagee.

15. After a hearing was conducted on the Objection to the Motion to Approve, the Court entered an Order approving the Loan Modification .

## MOTION TO AVOID JUDGMENTS

16. Based upon the judgment filed against the debtors prior to the filing of the case, it became necessary to file a Motion to Avoid the Judgments against the residence pursuant to 11 U.S.C. §522(f).

17. In order to prepare for said Motion, this firm was required to review County records, mortgages, liens and appraisals, and to have several meetings with the clients in order to obtain all necessary information.

18. On December 2, 2013, the debtors file the Motion to Avoid the Judgment Liens.

19. On January 7, 2014, the Order Avoiding the Judicial Liens was entered by this Court.

20. Due to this firm's efforts, the debtors were able to obtain a most beneficial outcome.

## MOTION TO VOID LIEN SECOND MORTGAGE

21. Based upon the claims as filed, it became necessary to file a Motion voiding the second mortgage lien against the Residence pursuant to 11 U.S.C. §§506(a) and 506(d).

22. In order to prepare for said Motion, this firm was required to review County Records, mortgages, mortgage notes and appraisals, and to have several meetings with the client in order to obtain all necessary information.

23. On November 11, 2013, the debtors filed the Motion to Void the second mortgage lien.

24. On or about February 10, 2014, the Court entered an Order Voiding the Second Mortgage.

25. Due to the efforts of this firm, the debtors have reached an outcome which is most beneficial to them.

26. Your applicant has expended 22.3 hours of partner time; and 10.8 hours of paralegal time from June 26, 2013 through February 13, 2104, in the rendition of its services to the debtors. The number of hours expended by your applicant was kept to a minimum because of the high level of expertise and experience which your applicant brought to this matter. The following is a brief description of the experience and background of your applicant:

**THOMAS GENOVA:** Mr. Genova has been practicing law in excess of thirty-one (31) years. He has specialized in bankruptcy and reorganization cases as an attorney for

debtors, creditors, creditors' committees, and as trustee in bankruptcy. He was a lecturer in Business Law at Marist College from 1985 to 1991; he was a speaker at the New York State Bar Association Programs on Bankruptcy in 1994 and 1995; Eighth Annual Bankruptcy Law Symposium, 1987; National Business Institute Program on Successful Creditors Strategies, 1990; National Business Institute Program on Bankruptcy, 1991; National Business Institute Program on Mortgage Foreclosure, 1992; National Business Institute Program on Basic Bankruptcy in New York, 1993; National Business Institute Program on Foreclosures and Repossession, 1993; and National Business Institute Program on Fundamentals of Bankruptcy Law, 1994. He is a member of the Orange County Bar Association, Dutchess County Bar Association, New York State Bar Association, American Bar Association, National Association of Bankruptcy Trustees; and Mid-Hudson Bankruptcy Bar Association (President, 1990-1991).

**ANDREA B. MALIN:** Ms. Malin has been practicing law in excess of twenty-two (22) years. She is a member of the New York State and American Bar Associations, Mid-Hudson Bankruptcy Bar Association and National Association of Consumer Bankruptcy Attorneys. She has spoken at several seminars and issued printed materials on all issues regarding Chapter 12 and Chapter 13 Cases, President of the Mid-Hudson Bankruptcy Bar Association for two (2) consecutive years.

      27. Much has been written on the subject of the unusual conditions under which attorneys representing debtors in Chapter 13 cases must work. As is the case in Chapter 11 cases, other than a pre-petition retainer, counsel for debtors in Chapter 13 cases are not assured of any further payment. Nevertheless, they continue to work to protect their clients' interests, knowing that they may never be paid for all of their time. Accordingly, as is done in Chapter 11 cases, applicant urges the Court to make an award of compensation that involves the adjustment of the lodestar amount to reflect certain factors. In the present case, it is respectfully

submitted that the delay in payment, the quality of representation, and the results obtained, should be taken into consideration in computing the award of final compensation.

28. Further consideration should be given to the time value of the money had it been paid contemporaneously with the rendition of services. Your Applicant believes that the allowance sought herein for services rendered and to be rendered is clearly fair and reasonable, particularly in view of the complexity of the case and the issues presented therein.

29. Your applicant's standard time charge for the period from June 26, 2013 through February 20, 2014 was THREE HUNDRED FIFTY DOLLARS ($350.00) per hour for partner time; and ONE HUNDRED DOLLARS ($100.00) per hour for paralegal time.

30. Utilizing these standard time, 22.3 hours of partner time at $350.00 per hour in the sum of SEVEN THOUSAND EIGHT HUNDRED FIVE DOLLARS ($7,805.00) and 10.8 hours of paralegal time at $100.00 per hour in the sum of ONE THOUSAND EIGHTY DOLLARS ($1,080.00), all totaling the sum of EIGHT THOUSAND EIGHT HUNDRED EIGHTY-FIVE DOLLARS ($8,885.00).

31. In addition to the foregoing, your applicant seeks reimbursement for the actual and necessary expenses incurred by GENOVA & MALIN in connection with the rendition of professional services as aforesaid. Such expenses have aggregated the sum of THREE HUNDRED ONE DOLLARS AND THIRTY-TWO CENTS ($301.32).

32. No previous allowance has been made to your applicant for the services rendered as hereinafter set forth and no previous application has been made therefor to this Court, or any other court, for compensation. Your applicant has not, in any form or guise, shared or agreed to share compensation to be received by it or any other person for services rendered in connection with this matter. No agreement or understanding prohibited by 18 U.S.C. §155 has been made by your applicant.

WHEREFORE, your applicant respectfully requests that the Court enter an Order under 11 U.S.C. Sections 330 and 503 allowing final compensation in the amount of EIGHT THOUSAND EIGHT HUNDRED FIVE DOLLARS ($8,885.00) and costs and expenses in the sum of THREE HUNDRED ONE DOLLARS AND THIRTY-TWO CENTS ($301.32), all totaling the sum of NINETY THOUSAND ONE HUNDRED EIGHTY-SIX DOLLARS AND THIRTY-TWO CENTS ($9,186.32); and for such other and further relief as to the Court may seem just and proper.

Dated: Wappingers Falls, New York
February 20, 2014

                                        GENOVA & MALIN
                                        Attorneys for Debtors

By:   /s/ Andrea B. Malin
       ANDREA B. MALIN (AM4424)
       1136 Route 9
       Wappingers Falls NY 12590
       (845) 298-1600